IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER FLORENCE,

       Plaintiff,

v.

TRANS UNION LLC, MARLIN COMPANY
LLC, NCO GROUP, INC., and
MEDCLR, INC.,

       Defendants.

CIVIL ACTION NO.

1:05-CV-762-JEC

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 4 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiff's Motion for Extension of Time to File Expert Report [8], plaintiff's Motion to Amend Complaint [11], defendant Trans Union's Motion to Sever, Consolidate and Strike [25], plaintiff's Motion for Extension of Time to Complete Discovery [41], defendant Trans Union's Motion for Summary Judgment [44], and plaintiff's Motion to Dismiss Defendants Marlin Company, NCO Group, and Medclr [47]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Extension of Time to File Expert Report [8] should be **DENIED**, plaintiff's Motion to Amend Complaint [11] should be **DENIED**, defendant Trans Union's Motion to Sever, Consolidate and Strike [25] should be **DENIED** as moot,

AO 72A
(Rev.8/82)

plaintiff's Motion for Extension of Time to Complete Discovery [41] should be **DENIED,** defendant Trans Union's Motion for Summary Judgment [44] should be **GRANTED,** and plaintiff's Motion to Dismiss Defendants Marlin Company, NCO Group, and Medclr [47] should be **GRANTED** as unopposed.

## BACKGROUND

This is the second lawsuit plaintiff has filed against defendant Trans Union LLC ("Trans Union"). Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). (Def.'s Statement of Material Facts ("DSMF") [44] at ¶ 1.)[1] In the first action, plaintiff alleged that Trans Union merged his credit file with that of his father and, consequently, issued an inaccurate credit report. *Florence v. Equifax Info. Svcs. and Trans Union Corp.,* C.A. No. 1:03-CV-1860 ("*Florence I*") at Compl. [1]. Plaintiff claimed that the inaccurate report resulted in his being denied credit with various lenders,

---

[1] Unless otherwise noted, the Court draws the undisputed facts from Trans Union's Statement of Material Facts ("DSMF") [44]. Plaintiff has admitted the majority of defendant's stated facts. (*See* Pl.'s Resp.[46].) When plaintiff has disputed a specific fact and pointed to evidence in the record that supports his version of events, the Court has viewed all evidence and factual inferences in the light most favorable to plaintiff, as required on a defendant's motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *McCabe v. Sharrett,* 12 F.3d 1558, 1560 (11th Cir. 1994); *Reynolds v. Bridgestone/Firestone, Inc.,* 989 F.2d 465, 469 (11th Cir. 1993).

AO 72A
(Rev.8/82)

including Old Kent Mortgage in 2001, and Eagle Mortgage,[2] in July, 2002. *Id.* Plaintiff asserted claims for alleged violations of the FCRA, as well as for defamation. *Id.*

Trans Union filed a motion for partial summary judgment in *Florence I,* contending that the statute of limitations had run on any FCRA claims arising from the Old Kent loan, and that plaintiff had never applied for the Eagle Mortgage loan. *Florence I,* July 20, 2005 Summary Judgment Order [136] at 5. The Court granted Trans Union's motion. *Id.* at 23-24. Specifically, the Court held that the Old Kent loan application occurred more than two (2) years before plaintiff filed suit, and thus any claim relating to that loan was barred by the statute of limitations. *Id.* at 4. With respect to the Eagle Mortgage loan, the Court found that plaintiff never completed the application or tendered the application fee. *Id.* at 5. Accordingly, the Court concluded that plaintiff could not establish causation, an essential element of his FCRA claim. *Id.* at 17-19.

Plaintiff filed the present action prior to the Court's Order granting partial summary judgment. (Compl. [1].) In this action,

---

[2]   In the parties' pleadings and the Court's prior Order, the Eagle Mortgage loan is sometimes referred to as the "Galaxy Homes" loan. (Def.'s Mot. for Summ. J. [44]; Pl.'s Resp. to Def.'s Mot. for Summ. J. [46]; Pl.'s Compl. [1] at ¶ 8.) Eagle Mortgage Services is the lender for Galaxy Homes. *See Florence I,* July 21, 2005 Order [136] at 5. The different names refer to the same July, 2002 loan. For clarity, in this Order the Court uses the name "Eagle Mortgage Loan."

3

plaintiff also alleges that Trans Union's inaccurate credit report resulted in denial of the Eagle Mortgage loan in July, 2002. (*Id.* at ¶ 8.)  As a result, plaintiff claims that he is now paying a higher interest rate for a loan that he subsequently procured from Encore Credit Corporation in July, 2004. (*Id.*)  Plaintiff also claims that a separate Trans Union report provided to Encore Credit in July, 2004 contained further inaccurate information, resulting in a lower credit score and a higher interest rate on the Encore loan. (*Id.*)  In this action, plaintiff again asserts claims against Trans Union for violation of Section 607 of the FCRA, 15 U.S.C. § 1681e(b), requiring that a credit agency use reasonable procedures to verify the information on its reports, and Section 611 of the FCRA, 15 U.S.C. § 1681i, requiring that an agency make reasonable efforts to reinvestigate and correct inaccurate information brought to its attention by the consumer. (*Id.*)

Defendant Trans Union has filed a motion for summary judgment on plaintiff's FCRA claims.  (Def.'s Mot. for Summ. J. [44].)  Trans Union has also filed a motion to sever plaintiff's claims asserted against co-defendants Marlin Company, NCO Group and Medclr, and to consolidate the remaining claims against Trans Union with *Florence I.* (Def.'s Mot. to Sever, Consolidate and Strike [25].)  Plaintiff has filed a motion to dismiss defendants Marlin Company, NCO Group and Medclr.  (Pl.'s Mot. to Dismiss [47].)  Plaintiff has also filed

4

AO 72A
(Rev.8/82)

motions for extension of time to file an expert report and to complete discovery, and a motion to amend his complaint. (Pl.'s Mots. for Extension of Time [8], [41]; Pl.'s Mot. to Amend [11].) All of these motions are presently before the Court.

**DISCUSSION**

**I.   DEFENDANT TRANS UNION'S MOTION FOR SUMMARY JUDGMENT**

**A.   Summary Judgment Standard**

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure *mandates* the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* at 322-23.

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323; *Apcoa, Inc. v. Fidelity Nat'l Bank*, 906 F.2d 610, 611 (11th Cir. 1990). The movant is not required to negate his opponent's claim, however. The movant may discharge his burden by merely "'showing'--that is, pointing out to the

5

district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  After the movant has carried his burden, the nonmoving party is then required to "go beyond the pleadings" and present competent evidence[3] designating "'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(e)).  While the court is to view all evidence and factual inferences in a light most favorable to the nonmoving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A fact is material when it is identified as such by the control- ling substantive law.  *Id.* at 248.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Id.* at 249-50.  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

---

[3] The nonmoving party may meet its burden through affidavit and deposition testimony, answers to interrogatories, and the like. *Celotex*, 477 U.S. at 324.

AO 72A
(Rev.8/82)

'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted).  An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson,* 477 U.S. at 249-50.  Thus, to survive a motion for summary judgment, the nonmoving party must come forward with specific evidence of *every* element material to that party's case so as to create a genuine issue for trial.

**B.   Plaintiff's Substantive FCRA Claims**

Section 607 of the FCRA requires that a consumer reporting agency, such as defendant Trans Union, "follow reasonable procedures to assure maximum possible accuracy of the information" contained in its credit reports.  15 U.S.C. § 1681e(b).  Section 611 of the FCRA requires that a consumer reporting agency make reasonable efforts to reinvestigate and correct inaccurate information brought to their attention by a consumer.  15 U.S.C. § 1681i(a).  An agency that negligently fails to comply with either provision of the FCRA is liable to the consumer.  15 U.S.C. § 1681o.

Plaintiff alleges that defendant Trans Union failed to have reasonable procedures in place, and failed to reasonably investigate plaintiff's claims that his credit file contained inaccurate information.  (Compl. [1] at ¶¶ 8, 13.)  As a result of the inaccurate information, plaintiff claims:  1) that Eagle Mortgage

7

denied him a loan in July, 2002; and 2) that Encore Credit charged him a higher interest rate than he otherwise would have paid on a loan he received in July, 2004. (*Id.*)

Trans Union contends that plaintiff cannot establish that any of its actions caused Eagle Mortgage to deny plaintiff's request for a loan in July, 2002, or caused Encore Credit to charge plaintiff a higher interest rate in July, 2004. (Def.'s Mot. for Summ. J. [44].) The Court agrees. Moreover, the Court finds that plaintiff's claims arising from the Eagle Mortgage loan are barred by collateral estoppel as a result of this Court's Order granting partial summary judgment to defendant in *Florence I*.

**A.     The Encore Loan**

In his Complaint, plaintiff alleges that he paid a higher interest rate on a loan he received from Encore in July, 2004 as a result of defendant's negligent noncompliance with Sections 607 and 611 of the FCRA. (Compl. 1 at ¶ 8(b).)   To prevail on his FCRA claim, plaintiff must show:  1) that he suffered injury; and 2) that the injury was caused by the inclusion of inaccurate information in his credit report. *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160-61 (11th Cir. 1991) (as plaintiff did not produce any evidence to show he was injured as a result of allegedly inaccurate credit report, court did not reach substance of plaintiff's claims). *See also Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir.

8

2001) (must have causal relationship between violation of statute and
denial of credit for award of actual damages); *Philbin v. Trans Union
Corp.*, 101 F.3d 957, 963 (3d Cir. 1996) (same).  As with most tort
actions, an FCRA plaintiff must produce sufficient evidence from
which a reasonable trier of fact could infer that the inaccurate
entry was a "substantial factor" in his resulting injury.
Restatement (Second) of Torts § 431(a).

Defendant has produced evidence that Encore did not utilize any
information from Trans Union in determining the interest rate on
plaintiff's July, 2004 loan.   (Tanous Aff. [44] at ¶¶ 8-10.)
Specifically, defendant has produced the affidavit of Patty Tanous,
a paralegal for Encore Credit Corporation.   (*Id.* at ¶ 1.)   Tanous
testified that Encore received a mortgage loan application from
plaintiff in or about June, 2004.   (*Id.* at ¶ 2.)   In evaluating the
loan, Encore obtained credit reports on plaintiff from two major
national credit agencies, Trans Union and Equifax.   (*Id.* at ¶ 7.)
Trans Union listed plaintiff's credit risk score as 642, while
Equifax listed plaintiff's credit risk score as 639.   (*Id.*)   Pursuant
to Encore's policy, it used plaintiff's lower Equifax credit score to
determine the interest rate on plaintiff's loan.   (*Id.* at ¶¶ 7, 9.)
In addition, Encore considered that:  1) the loan had a 95% loan to
value ("LTV") ratio, which is at a higher interest rate than loans
with lower LTV percentages; and 2) the loan was a "stated income"

9

loan, which is a higher risk to the lender than a loan granted with fully documented income.  (*Id.* at ¶ 8.)

In her affidavit, Tanous specifically stated that Encore did not use the Trans Union credit score in determining the interest rate for plaintiff's loan.  (*Id.* at ¶ 9.)  Plaintiff has not presented any evidence to the contrary.  Indeed, plaintiff concedes that "[t]he Trans Union consumer report was not used to evaluate the Encore loan."  (DSMF [44] at ¶ 7; Pl.'s Resp. to DSMF [46] at ¶ 7.)  As plaintiff concedes that Encore did not utilize any allegedly inaccurate information from Trans Union to determine the interest rate on plaintiff's loan, he cannot establish the essential causation element of an FCRA claim arising from the Encore loan.  *Cahlin*, 936 F.2d at 1161.  Accordingly, the Court **GRANTS** defendant's motion for summary judgment as to the Encore loan.

**B.   The Eagle Mortgage Loan**

Plaintiff also asserts claims arising from his failure to obtain a loan from Eagle Mortgage in July, 2002.  (Compl. [1].) Specifically, plaintiff contends that Trans Union's inaccurate report resulted in Eagle Mortgage refusing to offer him a loan in July, 2002, and that he consequently was forced to obtain a loan from Encore in July, 2004 at higher interest rates.  (*Id.*)  Essentially, plaintiff's contention with respect to the Eagle Mortgage loan is that defendant's negligence resulted in his being denied the Eagle

10

Mortgage loan in July, 2002, which in turn resulted in his accepting the Encore loan in July, 2004 at a higher interest rate.   (Compl. [1]; Pl.'s Resp. to Def.'s Mot. for Summ. J. [46] at 4.)

The Court has already held in *Florence I*, however, that Trans Union's negligence did not cause Eagle Mortgage to refuse to grant plaintiff a loan.   *Florence I,* July 21, 2005 Order [136] at 5, 18. In its Order granting partial summary judgment in *Florence I*, the Court held that Eagle Mortgage refused to give plaintiff a loan in July, 2002 as a result of plaintiff's failure to apply for the loan, not as a result of any information contained in the Trans Union credit report.   *Id.*   Thus, as the Court explained in *Florence I*, even if the Trans Union report was inaccurate, it was not a "substantial factor" in Eagle Mortgage's refusal to grant the loan.   *Id.* at 17. As the Court has already determined, in prior litigation between the same parties, that Trans Union's report did not cause Eagle Mortgage to deny plaintiff a loan in July, 2002, plaintiff's claim in this case that he has been injured as a result of his denial of the Eagle Mortgage loan is barred by collateral estoppel.

Collateral   estoppel,   or   issue   preclusion,   "'forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit.'"   *CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees,* 327 F.3d 1309, 1317 (11th Cir. 2003). To determine the preclusive effect of a prior judgment of this Court,

11

the Court applies federal preclusion principles. *Id.* at 1316. Under federal law, collateral estoppel bars relitigation of an issue when: 1) the issue is identical to the issue involved in prior litigation; 2) the issue was actually litigated in the prior suit; 3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment; and 4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. *Id.* (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986)). In this case, all of the above prerequisites are met. In *Florence I,* the parties litigated the issue whether Trans Union was liable to plaintiff under the FCRA as a result of Eagle Mortgage's refusal to provide plaintiff a loan in July, 2002 after allegedly receiving inaccurate information from Trans Union's credit report. The Court specifically found that Eagle Mortgage denied plaintiff the loan as a result of plaintiff's failure to complete the loan application, and not as a result of any information contained in Trans Union's credit report. *Florence I,* July 21, 2005 Summary Judgment Order [136] at 18-19. The Court thus concluded that Trans Union's credit report, even if inaccurate, did not cause the alleged harm, i.e., the denial of the loan. *Id.* Accordingly, the Court held that plaintiff could not establish causation, an essential element of his FCRA claim. *Id.* Despite the Court's Order in *Florence I,*

12

plaintiff has raised the identical issue in this case.   (Compl. [1] at ¶ 8(a).)   Plaintiff acknowledges that his claim in this case is based on the increased cost that plaintiff is paying for the Encore loan in comparison to the missed opportunity of the Eagle Mortgage rate.   (Pl.'s Resp. to Def.'s Mot. for Summ. J. [46] at 4.)   However, the Court has already held that Trans Union did not cause the missed opportunity.   Accordingly, Trans Union is not responsible under the FCRA for the higher costs allegedly associated with the missed opportunity.   *See Cahlin,* 936 F.2d at 1160-61.   Plaintiff may appeal the Court's prior Order on the Eagle Mortgage loan, but may not relitigate the issue in a second lawsuit against the same defendant.

Collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party . . . and of promoting judicial economy by preventing needless litigation."   *CSX Trans.,* 327 F.3d at 1317.   Both of these interests are served by applying the doctrine in this case. Plaintiff had a full and fair opportunity, in *Florence I,* to show that Trans Union's inaccurate credit report caused him to lose the Eagle Mortgage loan in July, 2002.   He failed to do so.   Having lost on this issue, he is barred by collateral estoppel from now raising the identical issue, against the same party, in a second lawsuit. *Id.*   Accordingly, the Court **GRANTS** summary judgment to defendant on plaintiff's FCRA claims arising from the Eagle Mortgage loan.   As

13

plaintiff has asserted no other new claims against Trans Union, Trans Union is entitled to summary judgment on all of the claims in plaintiff's Complaint.

## II.   PLAINTIFF'S MOTION TO DISMISS

Plaintiff has moved to dismiss defendants Marlin Company, NCO Group and Medclr.   (Pl.'s Mot. to Dismiss [47].)   This motion is unopposed.   Accordingly, the Court **GRANTS** the motion and dismisses defendants Marlin Company, NCO Group, and Medclr.   As the Court has granted summary judgment to defendant Trans Union, the dismissal of defendants Marlin Company, NCO Group and Medclr closes this case.

## III.   DEFENDANT TRANS UNION'S MOTION TO SEVER, CONSOLIDATE AND STRIKE

Defendant Trans Union has filed a motion to sever plaintiff's claims against co-defendants Marlin Company, NCO Group, and Medclr. (Def. Trans Union's Mot. to Sever, Consolidate and Strike [25].)   The Court has granted plaintiff's motion to dismiss all the above co-defendants from the case.   Accordingly, defendant's motion to sever is **DENIED** as moot.

Defendant Trans Union has also moved to consolidate the present case with *Florence I*.   (*Id.*)   The Court has granted summary judgment to Trans Union on all of plaintiff's claims, and has dismissed all other named defendants pursuant to plaintiff's unopposed motion.   The Court's Order closes this case.   Accordingly, Trans Union's motion to consolidate this case with *Florence I* is also **DENIED** as moot.

14

## IV.   PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY AND FILE EXPERT REPORTS AND MOTION TO AMEND COMPLAINT

Finally, plaintiff has filed a motion to extend the time to complete discovery, a motion to extend the time to file an expert report, and a motion to amend his complaint. (Pl.'s Mots. to Extend Time [8], [41]; Pl.'s Mot. to Amend [11].)  As to his motion to amend, plaintiff provides no justification for not initially including the additional claims he proposes to assert against Trans Union and the "Furnishers," all of whom plaintiff has now moved to dismiss from this case. (*See* Mot. to Amend [11].)  Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Nevertheless, courts may deny a motion to amend on numerous grounds, including "undue delay, undue prejudice to defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1218 (11th Cir. 2004).

This is not a typical case, in which plaintiff has moved to amend his complaint to prevent "one misstep by counsel" from determining the outcome of the case. (*See* Pl.'s Mot. to Amend [11] at 2.)  This is the second action that plaintiff has filed against the same defendant on the same or similar facts.  Plaintiff had ample opportunity to ascertain the legal and factual basis of his complaint in the first and the second action.  In fact, he has attempted to amend his complaint in the first action, to add similar claims, three

15

times since July 2004. *Florence I* at Docket 76, 78, and 106. He certainly should have been aware of these claims when he filed the present action on March 21, 2005. Under the circumstances, plaintiff's delay is inexcusable.

Moreover, plaintiff's motion to amend would be futile. With respect to the "Furnishers," plaintiff appears to be referring to Marlin Company, NCO Group, and Medclr, all of whom have been dismissed pursuant to plaintiff's unopposed motion. (*See* Pl.'s Compl. [1] at ¶¶ 3-5.) As these parties are no longer defendants in this case, plaintiff cannot now add claims against them.

As to defendant Trans Union, plaintiff does not assert any additional facts in support of his claim, but seeks by his amendment to add another basis of liability under the FCRA. (Pl.'s Mot. to Amend [11] at 1.) Specifically, plaintiff moves to add a claim against Trans Union for failing to disclose its sources of information in violation of § 1681(g). (*Id.*) However, causation is an essential element of any claim against Trans Union based on its negligent noncompliance with the FCRA. *See Cahlin,* 936 F.2d at 1160-61. *See also, Spector v. Equifax Info. Svcs.,* 338 F.Supp. 2d 378, 385 (D. Conn. 2004) (plaintiff is not entitled to recover damages for violation of § 1681(g) without showing that defendant's failure to disclose caused the particular harm alleged). The only harm plaintiff alleges in this case is:  1) that Encore charged him a

16

higher interest rate than he should have had to pay on a loan in July, 2004; and 2) that Eagle Mortgage refused to offer him a loan at a lower interest rate in July, 2002.   (Compl. [1].)   As discussed, plaintiff cannot show that either of these events was causally related to any action on the part of Trans Union, including its alleged failure to disclose sources of information in violation of § 1681(g).   Thus, it would be futile to allow plaintiff's proposed amendment to add a claim against Trans Union under § 1681(g). Accordingly, plaintiff's motion to amend should be **DENIED.**

Plaintiff's motions to extend discovery and to file an expert report are similarly unpersuasive.  Again, this is the second lawsuit plaintiff has filed against the same defendant involving the same subject matter.  Plaintiff has had ample time to conduct discovery on the facts underlying this case, including two discovery periods and several extensions.  *See Florence I,* Sept. 27, 2004 Order [68] and Nov. 4, 2004 Order [75] (discussing extensive time plaintiff has had to complete discovery).   Another extension is not warranted. Accordingly, plaintiff's motion for extension of time should be **DENIED.**

17

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Extension of Time to File Expert Report [8], **DENIES** plaintiff's Motion to Amend Complaint [11], **DENIES** plaintiff's Motion for Extension of Time to Complete Discovery [41], **GRANTS** defendant Trans Union's Motion for Summary Judgment [44]; **GRANTS** as unopposed plaintiff's Motion to Dismiss Defendants Marlin Company, NCO Group, and Medclr [47], and **DENIES** as moot defendant Trans Union's Motion to Sever, Consolidate and Strike [25].

SO ORDERED, this 24 day of February, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)